**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| INEOS AMERICAS LLC and<br>INEOS OXIDE LIMITED<br><br>                               Plaintiffs,<br><br>             v.<br><br>DOW CHEMICAL COMPANY<br><br>                            Defendant. | No. 1:20-cv-01385-NRB |

**[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL**

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential materials, and ensure that protection is afforded only to material so entitled, and for good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED THAT:

**1.     PURPOSE AND LIMITATIONS**

1.1     Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order shall be used by a Receiving Party solely for the above-captioned cases and all related appeals and shall not be used directly or indirectly for any other purpose whatsoever, except as expressly provided for herein.

1.2     Nothing in this Protective Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Protective Order

shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts. Similarly, no Producing Party waives any right to object on any ground to the admissibility of any of the Discovery Material, or portion thereof, covered by this Protective Order.

  1.3 Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

  2.1 Action:  the above-captioned litigation.

  2.2 Applicable Rules:  as defined in Section 14.7.

  2.3 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

  2.4 "CONFIDENTIAL" Information or Items:  information, regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  A Producing Party may designate any Disclosure or Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

  2.5 Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8 ESI: as defined in Section 5.5(a).

2.9 Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or a litigation consultant in this Action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation) and who is not a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

2.10 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "Confidential Information or Items" that contain or reflect information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, run rate or production forecasts or plans, sales or marketing forecasts or plans, business plans, documents or testimony concerning business strategy, engineering documents, testing

documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.11    House Counsel:  attorneys who are employees in the legal department of a Party in this Action and who have responsibility for managing this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party in connection with this Action and have entered an appearance on behalf of that Party in this Action, as well as other attorneys or support staff employed by the same firm as one of the attorneys who has entered an appearance on behalf of one of the Parties in this Action, to whom it is reasonably necessary to disclose the information for this Action.

2.14    Party:  any party to this Action, including all of its officers, directors, employees, and consultants (and their support staffs).

2.15    Person:  as defined in Section 7.5(a).

2.16    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.17    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  For the avoidance of doubt, Professional Vendors does not include professional jury or trial consultants or mock jurors.

2.18    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Protective Order.

2.19    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.20    Third Party:  as defined in Section 10.2.

**3.      SCOPE**

3.1    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, derivations or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.  Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other party (*e.g.*, settlement discussions and agreements containing confidentiality obligations) without the prior written consent of such other party, unless compelled to do so by a Court of competent jurisdiction.

3.3    Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party that is: (a) in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order,

including becoming part of the public record through trial or otherwise; (b) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) previously produced, disclosed, and/or provided by the Designating Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Designating Party; or (e) pursuant to order of the Court.

3.4     Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of Discovery Material it produces that is designated as Protected Material by another Party or Non-Party if it was previously disclosed, produced, or provided by the Designating Party to the Producing Party.

3.5     Nothing in this Protective Order shall be construed to preclude any Party's right to file any Protected Material with the Court under seal. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 4.     DURATION

4.1     Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or that information otherwise becomes public. Final disposition occurs after an order, mandate, or dismissal finally terminating this Action with prejudice, including all appeals.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Each Party or Non-Party that designates Discovery Materials for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2    Mass, indiscriminate, or routinized designations are prohibited except as provided specifically in this order or any federal statute or regulation.

5.3    Discovery Materials that a Designating Party believes in good faith to be subject to the General Data Protection Regulation ("GDPR"), Regulation (EU) 2016/679, shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Any Discovery Materials subject to the GDPR may require additional protections beyond those afforded the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, in which event the Parties shall meet and confer in good faith and, if unsuccessful, shall move the Court for appropriate relief.

5.4    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.5    Manner and Timing of Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Except as otherwise provided in this Protective Order (*see, e.g.*, Section 5.6) or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so

designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

      a.     For information in documentary form (*e.g.*, paper or electronically stored information ("ESI") but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material and also, for ESI, in the metadata field assigned to indicate the confidentiality designation.

      b.     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as set forth in the preceding paragraph.

      c.     For electronic files and documents produced in native electronic format, that the Producing Party append to the file names or designators information indicating whether the files contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or

documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

     d.     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify, either verbally on the record or in a writing served on all Parties and the court reporter within 14 days after the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose a transcript that has been deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within 14 days or else the transcript may be treated as non-confidential.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

e.      Each Party shall give the other Party notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

f.      Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

g.      In the event the video of a deposition is recorded, the original and all copies of the recording shall be marked by the video technician to indicate that the contents of the recording are subject to this Protective Order, substantially along the lines of "This recording contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

h.      Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, Outside Counsel of Record for other Parties, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of

such Protected Material. Such right of exclusion shall be applicable only during periods

of examination or testimony regarding such Protected Material.

      i.     For all other information or tangible items, that the Producing Party affix

in a prominent place on the exterior of the container or containers in which the

information or item is stored the label "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY".

5.6     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Protective Order for such material.  Upon timely correction

of a designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Protective Order.  Following a correction of a

designation, the Producing Party shall provide re-labeled copies of the information or items to

each Receiving Party reflecting the change in designation.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis

for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this

specific section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  In the event of a dispute over a confidentiality designation under this Protective Order, a Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought by a Challenging Party pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding section.

6.4     The burden of persuasion in any challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a response to a motion to challenge confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  All Protected Material shall be used solely for this Action or any related appellate proceeding and not for any other purpose whatsoever, including without limitation any other litigation  or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Protective Order or another Order of this Court.  When the litigation has been terminated, a Receiving Party, its Expert(s), and its Outside Counsel of Record must comply with the provisions of Sections 4.1, 14.4, and 15.1 herein.  Nothing herein shall prevent the Parties from entering into an agreement for the cross-use and/or coordination of discovery materials in this Action and any other action.

7.2     Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Protective Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    a.     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who are not involved in competitive decision-making (as opposed to legal advice) on behalf of a Party or a competitor of a Party, and (2) to whom it is reasonably necessary to disclose the information for this litigation;

      b.      One House Counsel (1) to whom disclosure is reasonably necessary to the oversight of this Action, (2) who are not involved in competitive decision-making on behalf of a Party or a competitor of a Party, (3) who has agreed to be bound by the terms of the Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) who is identified by name to the Producing Party at least five business days before being provided access to the Producing Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items;

      c.      Experts (as defined in this Protective Order) of the Receiving Party, retained to assist in this Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (1) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of the "Acknowledgement and Agreement to Be Bound" (Exhibit A), (2) such Expert is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, and (3) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 7.5;

      d.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      e.      the Court and its personnel, including any special master, referee, magistrate, or neutral evaluator appointed by the Court or selected by the Parties;

      f.      court reporters, videographers, and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.      the Designating Party or its employees, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      any mediator who is assigned to hear this Action, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order; and

i.      any other person with the prior written consent of the Producing Party.

7.4     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      Those persons listed in Section 7.3; and

b.      One person from the Receiving Party not included in Section 7.3(b) who is (1) directly assisting House Counsel in the preparation of this Action for trial or other proceeding and to whom disclosure is reasonably necessary to the oversight of this Action, (2) is under the supervision or control of House Counsel or the Receiving Party's Outside Counsel of Record, (3) who has been advised by such Counsel of their obligations hereunder and has agreed to be bound by the terms of the Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (4) who is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, and (5) who is identified by name to the Producing Party at least five business days before being provided access to the Producing Party's "CONFIDENTIAL" Information or Items.

7.5     Procedures for Approving or Objecting to Disclosure of Protected Material.

a.      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, prior to disclosing any Protected Material to any person described in Sections 7.3(c) or 7.3(i), (referenced below as "Person"), the Party seeking to disclose such Protected Material first must make a written request to the Designating Party that:

i.      sets forth the full name of the Person and the city and state of his or her residence;

ii.      states the present employer and the title of the Person; and

iii.      for any Expert that a Party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, includes (a) an up-to-date curriculum vitae of the Person (including the Person's name, business/professional title, business address, and all companies by which the Person has been employed within the last four years); and (b) a list of other cases in which the Person has testified (at trial or deposition) within the last four years.

b.      Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

c.      A Party that makes a request and provides the information specified in Sections 7.5(a) and 7.5(b) may disclose the subject Protected Material to the identified Person unless, within seven days of delivering the request and providing all the information required to be disclosed by this section, the Party receives a written objection from the Designating Party.  Any such objection must be in writing and set forth good cause for the objection.  For purposes of this section, "good cause" shall include an

objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Protective Order.  In the absence of an objection at the end of the seven day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven day period.

       d.    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Person may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Person is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

7.6    In any such proceeding, the Party opposing disclosure to the Person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the relevant Person.

8.   **COMPETITIVE DECISION-MAKING BAR**

8.1    Absent written consent from the Designating Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall not be involved in competitive decision-making for a Party, relating to the subject matter of the Information or Items accessed by the individual. This bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items is first received by the affected individual and shall end one year after the affected individual ceases to have access to such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

9.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9.1    If a Party, Expert, or Outside Counsel of Record is served with a subpoena or a court order issued by any court, arbitral, administrative, or legislative body that compels disclosure of any information or items designated in these Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", that Party, Expert, or Outside Counsel of Record must:

a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating

Party timely seeks a protective order, the Party, Expert, or Outside Counsel of Record served with the subpoena or court order shall not produce any information designated in these Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party, Expert, or Outside Counsel of Record has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in these Actions to disobey a lawful directive from another court or any arbitral, administrative, or legislative body.

## 10. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1     The terms of this Protective Order are applicable to information produced by a Non-Party in these Actions and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2     In the event that a Producing Party is required, by a valid discovery request, to produce another Party or Non-Party's (for the purposes of this section only, a "Third Party's") confidential information in its possession, custody, or control, and the Producing Party has a contractual or legal obligation not to produce the Third Party's confidential information, then the Producing Party shall:

> a.  promptly notify in writing the Requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with or confidentiality obligation to a Third Party;

> b.  promptly provide the Third Party, if it is a Non-Party, with a copy of the Protective Order in this litigation and the relevant discovery request(s); and

> c.  make the information requested available for inspection by the Third Party.

10.3    If the Third Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Third Party's confidential information responsive to the discovery request.  If the Third Party timely seeks a protective order, the Producing Party shall not produce any information in its possession, custody, or control that is subject to the confidentiality agreement with or confidentiality obligation to the Third Party before a determination by the Court.  Absent a Court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11.1    If a Receiving Party learns that, by inadvertence or otherwise, it, its Expert, or its Outside Counsel of Record has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1    When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party, its Expert(s), and its Outside Counsel of Record are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

12.2    Upon a request from any Producing Party that has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party, its Expert(s), and its Outside Counsel of Record shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party or destroy such Discovery Material and each Receiving Party shall certify that destruction to the Producing Party.

12.3    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 13.    DISCOVERY FROM EXPERTS

13.1    Discovery of materials from Experts shall be subject to the following limitations in addition to those set forth in Federal Rule of Civil Procedure 26(b)(4):

a.      The following materials will be excluded from expert discovery or inquiry at trial:  (1) draft expert reports or declarations and outlines thereof; (2) writing or drafting of the final expert reports; (3) documents (other than the final expert reports) and/or notes prepared by Experts, their assistants, or Counsel; (4) communications between or among Experts and/or their assistants and Counsel; and (5) communications between Experts and/or their assistants and other Experts.

b.      Notwithstanding the foregoing, (1) all documents provided or made known to Experts (including, without limitation, publications and documents produced in discovery), other than those generated for the purpose of litigation and/or for the purpose of communicating with the Expert, that were considered by the Expert in formulating his or her opinion (whether or not they support the opinions); (2) the amount of time an Expert spent on this Action; and (3) the compensation received by the Expert for his or her work on this Action are discoverable and may be the subject of questioning at deposition or trial.

## 14.   MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Protective Order shall not constitute a waiver of the right of any

Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable or is not admissible in evidence in this Action or any other proceeding.

14.3    Filing Protected Material and Court Permission to File Under Seal.  A Party that seeks to file under seal any Protected Material must comply with the Court's Individual Rule 2.H.  For sealing/redactions requiring Court approval under Individual Rule 2.H, no document shall be filed under seal unless counsel secures a court order allowing the filing of the document, or a portion thereof, under seal.  An application to file a document under seal shall be served on opposing counsel and on the person or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

14.4    Termination of Action and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of this Action pursuant to Section 15.  The Court shall retain jurisdiction after Final Disposition of this Action hear and resolve any disputes arising out of this Protective Order.

14.5    Successors.  This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

14.6    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards

applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

14.7    Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Court's Individual Rules, or the Court's own orders ("Applicable Rules").  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Applicable Rules.

14.8    Court Authority to Modify.  The Court may modify the Protective Order in the interests of justice or for public policy reasons on its own initiative.

## 15.    FINAL DISPOSITION

15.1    Unless otherwise ordered or agreed in writing, within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party, its Expert(s), and its Outside Counsel of Record must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, with the exception that the obligation to destroy all copies of such Discovery Material shall not extend to copies stored in disaster recovery backups or other data sources that are not reasonably accessible.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the

Receiving Party, its Expert(s), and its Outside Counsel of Record have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial transcripts, deposition transcripts, hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

SO ORDERED:

Dated: May 22, 2020
New York, New York

NAOMI REICE BUCHWALD
United States District Judge